[Cite as *Kimolos Acquisitions, L.L.C. v. Taylor Rd. Synagogue*, 2026-Ohio-2544.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KIMOLOS ACQUISITIONS, L.L.C.,          :

      Plaintiff-Appellee,          :

                                     No. 115792

      v.          :

THE TAYLOR ROAD SYNAGOGUE          :
K/A OHEB ZEDEK, ET AL.,

                        :

      Defendants-Appellants.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2026

---

Civil Appeal from the Cleveland Heights Municipal Court
Case No. CVG2501238

---

### *Appearances:*

Powers Friedman Linn, PLL, Thomas P. Owen, Robert G. Friedman, and Rachel E. Cohen, *for appellee.*

Walter │ Haverfield LLP, Mark S. Fusco, and Alexandra V. Dattilo, *for appellant.*

MICHELLE J. SHEEHAN, A.J.:

{¶ 1}  Defendant-appellant the Taylor Road Synagogue ("the Synagogue") and three other named defendants:  Eke Taylor Road Synagogue, LLC, Camp Ruach Cleveland, LLC, and Vladimir Victor d.b.a. Gymnastics and Parkour Academy

(collectively referred to as "the defendants") appeal from the trial court's judgment entries granting summary judgment in favor of plaintiff-appellee, Kimolos Acquisitions, LLC ("Kimolos"). The Synagogue[1] alleges that the trial court (1) did not acquire personal jurisdiction over the Synagogue since service was not perfected, (2) erred in granting summary judgment in favor of Kimolos, and (3) erred when it denied the Synagogue's motion to dismiss based on the jurisdictional-priority rule. After a thorough review of the law and record, we overrule the Synagogue's assignments of error and affirm the judgment of the trial court.

## I. Background Overview

### A. Complaint

{¶ 2} On July 10, 2025, Kimolos filed a forcible-entry-and-detainer complaint in Cleveland Heights Municipal Court against the defendants. The complaint alleged that Kimolos is the landlord of the premises located at 1970 South Taylor Road, Cleveland Heights, OH, 44118 ("the premises") and that the defendants had, "since July 7, 2025, unlawfully and forcibly detained [Kimolos's] possession of the premises." The complaint also alleged that on June 30, 2025, the defendants had been served with a three-day notice pursuant to R.C. 1923.04 to vacate the premises. A copy of the notice was attached to the complaint and reads, in relevant part:

> YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU DO
> NOT LEAVE, AN EVICTION MAY BE INITIATED AGAINST YOU. IF

---

[1] While each of the multiple defendants below filed a notice of appeal, the Synagogue is the only party that filed a brief on its behalf.

YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.

**B. Motion to Dismiss and Answer**

{¶ 3} On August 14, 2025, the defendants filed a motion to dismiss and a motion to stay the forcible-entry-and-detainer action. The defendant's motion to dismiss noted that the defendants had already served a complaint for declaratory judgment in Cuyahoga C.P. No. CV-25-121008, prior to Kimolos perfecting service in its forcible-entry-and-detainer action in the municipal court. The motion claimed that the relief sought in both actions was identical, and therefore, under the jurisdictional-priority rule, the court lacked jurisdiction to hear the forcible-entry-and-detainer action. The motion also included an affidavit from Vladimir B. Victor, president of the Synagogue, in which the affiant averred that on August 12, 2025, he "was served a copy of the Summons and Forcible Entry Detainer in the above captioned case by U.S. regular mail."[2]

{¶ 4} On August 20, 2025, the defendants filed their answer and list of affirmative defenses to Kimolos's forcible-entry-and-detainer complaint.

{¶ 5} On August 29, 2025, the trial court denied the defendants' motion to dismiss. In doing so, the court held that it had "jurisdiction over the claim in this matter for the right to immediate possession under Chapter 1923 of the Ohio Revised Code."

---

[2] The remainder of our discussion in this appeal addresses only the forcible-entry-and-detainer action filed in the municipal court.

**C. Summary Judgment**

**{¶ 6}** On October 6, 2025, Kimolos filed a motion for summary judgment, asserting that there is no genuine issue of material fact. Kimolos claimed that it is undisputed that the parties never entered into a lease agreement concerning the premises and that the defendants therefore lack color of title with respect to the premises. The Synagogue filed an opposition to Kimolos's motion for summary judgment, in which the Synagogue asserted that the issues raised in Kimolos's motion for summary judgment fell outside the jurisdiction of the court since "the matter before [the] Court is an action for forcible entry and detainer under R.C. Chapter 1923, which address only the right to present possession and not lease validity."

**{¶ 7}** On November 3, 2025, the trial court granted Kimolos's motion for summary judgment with respect to the Synagogue. The court determined that there are "no facts before this Court that [the Synagogue] is occupying the premises under color of title."[3]

**D. Appeal**

**{¶ 8}** The Synagogue appeals the trial court's decision granting summary judgment to Kimolos, presenting the following assignments of error for our review:

> 1. The trial court erred by adjudicating the forcible entry and detainer action without first acquiring personal jurisdiction.

---

[3] The following day, the trial court granted summary judgment in favor of Kimolos with respect to the remaining defendants.

2. The trial court erred in granting [Kimolos's] motion for summary judgment.

3. The trial court erred in denying [the Synagogue's] motion to dismiss based on the application of the jurisdictional priority rule.

## II. Law and Analysis

### First Assigned Error for Review — Service

{¶ 9} In its first assigned error for review, the Synagogue claims the trial court did not acquire personal jurisdiction over the Synagogue because service was never perfected pursuant to Civ.R. 4. In forcible-entry-and-detainer proceedings, manner of service is governed by R.C. 1923.06, rather than Civ.R. 4. And after reviewing the applicable facts and law in this matter, we find that service was perfected and the trial court acquired personal jurisdiction over the Synagogue in this matter.

### A. Applicable Law

{¶ 10} Forcible-entry-and-detainer actions are governed by Chapter 1923 of the Ohio Revised Code. These actions provide "statutory remedy for rapid recovery of possession of the property at issue." *Deutsche Bank Natl. Trust Co. v. Lovette,* 2018-Ohio-4776, ¶ 17 (8th Dist.), citing *CS/RW Westlake Indoor Storage, L.L.C. v. Kesi, L.L.C.,* 2015-Ohio-4584, ¶ 13 (8th Dist.). "The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate." *CS/RW Westlake Indoor Storage* at ¶ 13.

{¶ 11} Because the summary nature of such proceedings, "'"the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy."'" *Shaker House L.L.C. v. Daniel,* 2022-Ohio-2778, ¶ 12 (8th Dist.), quoting *Miele v. Ribovich,* 90 Ohio St.3d 439, 441 (2000), quoting *Cuyahoga Cty. Metro. Hous. Auth. v. Jackson,* 67 Ohio St.2d 129, 131 (1981). As such, Civ.R. 1(C) excepts forcible-entry-and-detainer actions from the Ohio Rules of Civil Procedure "to the extent that they would by their nature be clearly inapplicable." Rather, "the notice to vacate and the service of process in such actions are governed by R.C. 1923.04 and 1923.06." *Machshonba v. Cleveland Metro. Hous. Auth.,* 2011-Ohio-6760, ¶ 14 (8th Dist.). And with respect to forcible-entry-and-detainer actions, "'"when the operation of a local court rule and an Ohio Civil Rule conflict, the local rule must give way to the operation of the Civil Rule."'" *Ori Group L.L.C. v. Nicols,* 2025-Ohio-5222, ¶ 44 (8th Dist.), quoting *Colosimo v. Kane,* 2015-Ohio-3337, ¶ 42 (8th Dist.), quoting *Fid. & Guar. Ins. Underwriters v. Aetna Cas. & Sur. Co.,* 1993 Ohio App. LEXIS 3324, *45 (6th Dist. June 30, 1993).

{¶ 12} The Synagogue's reliance on Civ.R. 4 is misplaced because the Ohio Rules of Civil Procedure do not apply to forcible-entry-and-detainer proceedings. Rather, service of process in a forcible-entry-and-detainer proceeding is governed by R.C. 1923.06.

**B. Service Perfected**

**{¶ 13}** R.C. 1923.06(A) provides that a summons in a forcible-entry-and-detainer action "shall be issued, be in the form specified, and be served and returned as provided in this section.  Such service shall be at least seven days before the day set for trial."  Pursuant to R.C. 1923.06(C), the clerk of court shall mail any "summons by ordinary mail . . . to the defendant at the address set forth in the caption of the summons and to any address set forth in any written instructions furnished to the clerk."  In addition to ordinary mail service, the clerk shall cause service to be completed in one of several other methods, one of which includes by certified mail.  R.C. 1923.06(E) ("If requested, the clerk shall mail by certified mail, . . . a copy of the summons, complaint, [or] document . . . to the address set forth in the caption of the summons[.]").

**{¶ 14}** On July 30, 2025, the trial court set a hearing for August 20, 2025.  The court's docket indicates that a summons was sent by regular mail, certified mail, and by the deputy bailiff for service.  The bailiff return indicated that the bailiff posting was attempted but not delivered due to failure to "verify address numbers on the building or entrance doors."  R.C. 1923.06(G)(3)(b) provides, in relevant part, that for service performed pursuant to R.C. 1923.06(E), service is deemed complete where "[t]he certified mail has not been endorsed, and the ordinary mail has not been returned."  Here, the certified mailing was returned as unclaimed.  However, the ordinary mail was not returned by the date of the eviction hearing set forth in the summons.  As a result, pursuant to R.C. 1923.06(G), service was completed on

the date of mailing, July 30, 2025. *See Machshonba,* 2011-Ohio-6760, at ¶ 17 (8th Dist.) (holding that "[i]n this case, the certified mail was returned unclaimed and the ordinary mail was not returned as of the date of the eviction hearing. Pursuant to R.C. 1923.06(G), service was deemed complete on the date of mailing.").

{¶ 15} Our review of the record demonstrates that Kimolos complied with the statutory requirements and attained proper service. "The statute requires nothing further[.]" *Id.* at ¶ 18. As such, the trial court acquired personal jurisdiction over the Synagogue when it was properly served.

{¶ 16} The Synagogue also alleges that the trial court improperly relied on R.C. 1923.04, which governs the notice provisions prior to initiating a forcible-entry-and-detainer action, to justify its personal jurisdiction as a substitute of valid service. Having already determined that service was perfected and personal jurisdiction was acquired on July 30, 2025, the Synagogue's issue concerning notice is moot.

{¶ 17} Accordingly, the Synagogue's first assignment of error is overruled.

**Second Assigned Error for Review — Summary Judgment**

{¶ 18} In its second assigned error for review, the Synagogue argues that it has a right to present possession of the premises arising from a valid and recorded lease that preexisted Kimolos's ownership of the premises. The Synagogue claims that the trial court erred in granting Kimolos's motion for summary judgment on its forcible-entry-and-detainer claim. Upon reviewing the facts and applicable law, we find that the Synagogue failed to adequately demonstrate a genuine issue of material fact to support its claim that it was occupying the premises pursuant to a valid lease.

### A. Summary Judgment Standard

**{¶ 19}** An appellate court reviews a trial court's grant of summary judgment de novo. *Tatarunas v. Progressive Cas. Ins. Co.,* 2025-Ohio-4372, ¶ 20 (8th Dist.), citing *Warthog Mgt. LLC v. Fares,* 2024-Ohio-2065, ¶ 17 (8th Dist.). Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales,* 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996).

**{¶ 20}** Summary judgment is appropriate where the "record provides '(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor.'" *Univ. School v. M.F.,* 2025-Ohio-170, ¶ 11 (8th Dist.), quoting *Bohan v. McDonald Hopkins, L.L.C.,* 2021-Ohio-4131, ¶ 19 (8th Dist.), citing *Horton v. Harwick Chem. Corp.,* 73 Ohio St.3d 679 (1995), paragraph three of the syllabus.

**B. Applicable Law — Forcible Entry and Detainer**

{¶ 21}  "The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate." *CS/RW Westlake Indoor Storage,* 2015-Ohio-4584, at ¶ 34 (8th Dist.). R.C. 1923.01 governs forcible-entry-and-detainer actions.  R.C. 1923.01(A) provides:

> As provided in this chapter, any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements.

{¶ 22}  "[A]n action in forcible entry and detainer is solely an action to determine the right of possession of the property."  *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.,* 1985 Ohio App. LEXIS 9097, *4 (8th Dist. Oct. 31, 1985), citing *Haas v. Gerski,* 175 Ohio St. 327 (1963).  A plaintiff may bring a forcible-entry-and-detainer action under this chapter "[w]hen the defendant is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them."  R.C. 1923.02(A)(5).  Thus, the sole question before the trial court was which party was entitled to immediate possession of the premises.

**C.  Analysis**

{¶ 23} The pertinent question we must determine is whether the Synagogue was occupying the premises without color of title.

{¶ 24} "Color of title" is not defined in the forcible-entry-and-detainer statute. Nonetheless, Ohio courts have recognized that "'"an individual acquires color of title when a written conveyance appears to pass title but does not do so, either from want of title in the person making it, or the defective mode of conveyance."'" *CS/RW Westlake Indoor Storage,* 2015-Ohio-4584, at ¶ 24 (8th Dist.), quoting *Bishop v. Rice,* 2006-Ohio-1131, ¶ 12 (2d Dist.), quoting *Glaser v. Bayliff,* 1999 Ohio App. LEXIS 180 (2d Dist. Jan. 29, 1999). It has been "well accepted that color of title involves a written conveyance." *Id.,* citing *Bishop* at ¶ 12.

{¶ 25} There is no dispute between the parties that Kimolos is the titled owner of the premises. Nor does the Synagogue dispute the fact that it never entered into an agreement with Kimolos concerning the premises or that any rent was paid to Kimolos. Rather, the Synagogue claims that its "right to present possession arises from a preexisting valid and recorded lease, not from any agreement with [Kimolos]."

{¶ 26} In October 2003, the Synagogue entered into a lease agreement with the landlord of the premises at the time, Raintree Academy, Inc. The lease provided that the term of the lease would commence on October 21, 2003, and end on October 21, 2023. The lease also included a provision noting that the Synagogue had the right to extend the initial terms of the lease for four consecutive periods of 20 years each, upon the same terms and conditions "provided written notice of the Tenant's election to extend is given to Landlord at least one hundred eighty (180) days prior to the expiration of the current term hereof." Accordingly, by its own

terms, the lease expired on October 21, 2023, well before Kimolos filed its forcible-entry-and-detainer complaint. These facts are sufficient to support Kimolos's initial burden for restitution and possession of the premises.

{¶ 27} However, when a moving party for summary judgment meets its initial burden demonstrating that they are entitled to a judgment in their favor, the non-moving party (the Synagogue), "assumes a reciprocal obligation to point to specific facts in the record showing a genuine issue of material fact for trial." *S. Shore Lake Erie Assets & Operations, L.L.C. v. Johnson,* 2025-Ohio-5043, ¶ 23 (8th Dist.), citing *Dresher,* 75 Ohio St.3d at 293. In doing so, we recognize that "a nonmovant's own self-serving assertions, whether made in an affidavit, deposition, or interrogatory responses, cannot defeat a well-supported summary judgment motion when not corroborated by any outside evidence." *Lucas v. Perciak,* 2012-Ohio-88, ¶ 16 (8th Dist.), citing *N. Eagle, Inc. v. Kosas,* 2009-Ohio-4042, ¶ 26 (8th Dist.); *accord S. Shore Lake Erie Assets & Operations* at ¶ 38.

{¶ 28} Here, the Synagogue provided an affidavit from Vladmir Victor, the president of the Synagogue, wherein he avers that on October 20, 2023, the Synagogue paid $20 of rent and, therefore, all rent obligations under the lease were satisfied until 2043. The Synagogue did not provide a receipt of this payment, a written notice of the extension to the landlord as required by the terms of lease, a written document memorializing the extension, documentation of rent paid to Kimolos, or any documentation corroborating the Synagogue's claim that it had optioned its right to extend the lease for an additional 20 years. In short, this self-

serving, uncorroborated statement alone concerning the extension of the lease is not sufficient to demonstrate that it had color of title at the time the forcible-entry-and-detainer action was filed.

{¶ 29} Kimolos further argues that any leasehold interests the Synagogue may have had were eliminated when the premises was foreclosed on and the court ordered it forfeited to the State of Ohio in Cuyahoga C.P. No. CV-16-872757 in which the Synagogue was a party. Having determined that the Synagogue failed to demonstrate that the lease had been extended at the time Kimolos's forcible-entry-and-detainer action was filed, it is not necessary to determine what effect, if any, the foreclosure action had with respect to the validity of the lease. As such, we decline to address it.

{¶ 30} For these reasons, we find that the Synagogue failed to demonstrate that there existed a genuine issue of material fact concerning whether it was occupying the premises under color of title and the trial court did not err in granting Kimolos's motion for summary judgment. Accordingly, the Synagogue's second assignment of error is overruled.

### Third Assigned Error for Review – Jurisdictional-Priority Rule

{¶ 31} In its third assigned error for review, the Synagogue claims that the trial court erred when it denied its motion to dismiss under the jurisdictional-priority rule, since its motion for declaratory judgment concerning the premises had been filed in the Cuyahoga County Court of Common Pleas before Kimolos's forcible-entry-and-detainer action in the municipal court, thereby divesting the

municipal court of jurisdiction over this matter. After reviewing the applicable facts and law in this matter, we find that the jurisdictional-priority rule does not apply, and that the trial court properly denied the Synagogue's motion to dismiss.

## A. Applicable Law

**{¶ 32}** The jurisdictional-priority rule provides that "'[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson,* 2018-Ohio-3054, ¶ 6 (8th Dist.), quoting *State ex rel. Dannaher v. Crawford,* 78 Ohio St.3d 391, 393 (1997). Furthermore, "'it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter."'" *State ex rel. Portaro Group, Inc. v. Parma Mun. Court,* 2023-Ohio-937, ¶ 9 (8th Dist.), quoting *Crawford* at 393, quoting *State ex rel. Sellers v. Gerken,* 72 Ohio St.3d 115, 117 (1995), and *State ex rel. Judson v. Spahr,* 33 Ohio St.3d 111, 113 (1987).

**{¶ 33}** With that said, "the rule may apply if the causes of action and requested relief are not identical." *State ex rel. Portaro Group, Inc.* at ¶ 10, citing *Sellers* and *State ex rel. Otten v. Henderson,* 2011-Ohio-4082. "That is, if the claims in both cases are such that each of the actions comprise part of the 'whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked,

the jurisdictional-priority rule may be applicable." *State ex rel. Tri Eagle Fuels, L.L.C.* at ¶ 7. To determine whether the two cases involve the "whole issue" or matter requires a two-step analysis: "'First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced.'" *Id.,* quoting *Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank,* 54 Ohio App.3d 180, 183 (8th Dist. 1988). The Supreme Court has cautioned that the "whole issue" exception has only been applied "in the narrow circumstances in which the two cases raise the exact same legal claim or involve resolution of the same issue." *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson,* 2019-Ohio-2011, ¶ 14.

## B. Analysis

**{¶ 34}** It is undisputed that service in the Synagogue's case for declaratory judgment in the common pleas court was perfected prior to service being perfected in Kimolos's forcible-entry-and-detainer action filed in the municipal court. The Synagogue argues that the relief sought in the declaratory-judgment action in the common pleas court concerns "the Synagogue's right to present possession and whether it occupies the premises pursuant to a valid lease, which is the same relief sought by [Kimolos] in [the forcible-entry-and-detainer action.]" Therefore, the Synagogue argues that the municipal court was barred from proceeding on Kimolos's forcible-entry-and-detainer action.

{¶ 35} However, we have recognized that "most of the cases that apply the jurisdictional-priority rule to [forcible entry and detainer] cases have held that the jurisdictional-priority rule does not prohibit the municipal courts for adjudicating [forcible entry and detainer] actions." *State ex rel. Portaro Group, Inc.,* 2023-Ohio-937, at ¶ 12 (8th Dist.). The Ohio Supreme Court has held that ""since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible [entry and] detainer."" *State ex rel. Weiss v. Hoover,* 84 Ohio St.3d 530, 532 (1999), quoting *State ex rel. Carpenter v. Warren Mun. Court,* 61 Ohio St.2d 208, 209-210 (1980), quoting *Haas,* 175 Ohio St. at 330. The "'[a]pplication of the jurisdictional priority rule to bar a forcible entry and detainer action from proceeding based on a previously filed collateral proceeding bringing title to the same property into question is "inequitable and inappropriate in a recovery of real property case."'" *State ex rel. Brady v. Pianka,* 2005-Ohio-4105, ¶ 13, quoting *State ex rel. Weiss* at 532, quoting *Cleveland v. A.J. Rose Mfg. Co.,* 89 Ohio App.3d 267, 275 (8th Dist. 1993).

{¶ 36} In *State ex rel. Weiss,* a lessee filed an action for declaratory judgment in common pleas court for its continued use of property after the landlord notified the lessee to vacate the property alleging default of the lease agreement. The landlord subsequently filed a forcible-entry-and-detainer action in municipal court. On these facts, the Ohio Supreme Court ruled that because the claims in the two lawsuits were different, the jurisdictional-priority rule did not apply. *Id.* at 533; *see*

*also State ex rel. Brady* (declining to use the jurisdictional-priority rule to bar a forcible-entry-and-detainer action since it was not the same cause of action as a previously filed declaratory judgment claim).

{¶ 37} As the Ohio Supreme Court explained in *State ex rel. Tri Eagle Fuels, L.L.C.,* 2019-Ohio-2011, a forcible-entry-and-detainer action is "a special statutory proceeding that will resolve only one limited question: who has the immediate right to possess the premises? 'Under Ohio law, a forcible entry and detainer action decides the right to immediate possession of property and "nothing else."'" *Id.* at ¶ 10, quoting *Sheehe v. Demsey,* 2014-Ohio-305, ¶ 7 (8th Dist.), quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.,* 67 Ohio St.2d 19, 25 (1981), fn. 11. Where a declaratory judgment filed in a separate court implicates broader questions of contractual rights and remedies, the jurisdictional-priority rule will not bar a proceeding on the forcible-entry-and-detainer action. *See id.* at ¶ 11.

{¶ 38} In this case, the two cases at issue do not present the same cause of action. Analogous to the Supreme Court's decision in *State ex rel. Tri Eagle Fuels, L.L.C.,* Kimolos's forcible-entry-and-detainer action concerns one question: Who has immediate right to possess the premises? In contrast, the Synagogue's declaratory judgment claim in the common pleas court implicates broader questions concerning contractual rights and the validity of the alleged lease agreement.

{¶ 39} Since these two actions do not implicate the jurisdictional-priority rule, the trial court did not err when it denied the Synagogue's motion to dismiss. Accordingly, the Synagogue's third assignment of error is overruled.

**{¶ 40}** Based on our review of the record and reviewing all the evidence and relevant law, we affirm the order of the trial court.

**{¶ 41}** Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR